Detention Order Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

Case No: 11-20607

v.

DOUGLAS CHUCK RITTER,

*Defendant.*

_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I

conclude that these facts require that Defendant be detained pending trial.

## Part I - Findings of Fact

**A.    Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

XX    (1)    The Government moved for detention at Defendant's first appearance pursuant

to:

XX    18 U.S.C. § 3142(f)(1).

__    18 U.S.C. § 3142(f)(2).

__    (2)    A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C.

§ 3142(f)(2). See part D for findings.

**B.    Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

__    (1)    Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has

previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or

comparable state or local offense.

\_\_    (2)    The offense described in finding was committed while Defendant was on release

pending trial for a federal, state or local offense.

\_\_    (3)    A period of less than five years has elapsed since

\_\_    the date of conviction, **or**

\_\_    Defendant's release from prison for the offense described in finding (B)(1).

\_\_    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or

combination of conditions will reasonably assure the safety of another person or

the community.

## C.    Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))

There is probable cause to believe that Defendant has committed an offense:

\_\_    for which a maximum prison term of ten years or more is prescribed in the

_____[1], **or**

\_\_    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

\_\_    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison

term is 10 or more years, **or**

\_\_    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

\_\_    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

\_\_    the probable cause findings above establish a rebuttable presumption that no

condition or combination of conditions will reasonably assure the safety of

another person or the community.

---

[1]Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**D.       Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__       (1)     There is a serious risk that Defendant will not appear.

__       (2)     There is a serious risk that Defendant will endanger the safety of another person

or the community.

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__       by clear and convincing evidence that, for the reasons set forth below, there is no

condition or combination of conditions which will reasonably assure the safety of the

community; **or**

__       by a preponderance of the evidence that, for the reasons set forth below, there is no

condition or combination of conditions which will reasonably assure Defendant's

appearance; **or**

XX      both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C.

§ 3142(a) in a case described in 18 U.S.C. § 3142(f), and none of the rebuttable presumptions

in favor of detention having been cited, the Court will therefore consider Defendant's

circumstances using the factors set forth in section 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged

involves a failure to register as a sex offender. I find from the grand jury having returned an

indictment that there is a definite weight of evidence, at least rising to the level of probable

cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant, who is 43 years of age, has lived at an address on Walnut Street in Mount Pleasant, Michigan, since June of this year. Defendant told Pretrial Services that prior to that time he had been drifting and living on the streets. He also informed Pretrial Services that he believed that, if released, he could not return to the residence on Walnut Street. Counsel for Defendant represents that Defendant could potentially obtain a residence by virtue of his Tribal per capita payments.

Defendant is divorced with two children from that marriage. Defendant has also fathered three other children outside of marriage. Defendant is unemployed. He last worked between 1992 and 1996 for a construction company. He also worked at the Soaring Eagle Casino and for a metal works factory in Florida. Defendant conceded to Pretrial Services that he has a significant alcohol problem and reported drinking a fifth of liquor on a daily basis.

Defendant has an extensive criminal history, not all of which I will summarize here. In 1994, at age 26, Defendant was convicted of his second operating under the influence charge. He was sentenced to 15 days in jail, one year on probation, and fines and costs. In 1996, Defendant pleaded guilty to misdemeanor domestic violence. He was sentenced to one year of probation, 46 days in jail, and fines. The Government represents that Defendant twice failed to appear for probation violation matters related to that case.

One and a half years later, at age 29, Defendant pleaded no contest to attempted domestic violence. Defendant was sentenced to 65 days in jail, one year of probation, and fines. The Government represents that Defendant failed to appear for his pre-sentence investigation interview. In 2002, at age 33, Defendant pleaded guilty to operating under the influence and was sentenced to 93 days in jail. Ten months later, Defendant was charged with a carrying a concealed weapon, felon in possession of firearms while under the influence, as well as habitual offender. He pleaded guilty to felony carrying a concealed weapon and was sentenced to two years of probation, six months in jail, and fines and costs.

The Government represents that Defendant violated his probation on multiple occasions. This appears to be borne out by the fact that less than one month later, Defendant was charged with operating under the influence - third offense, to which he pleaded guilty. He was sentenced to five years of probation, 90 days on tether, 30 days in jail, and costs. While on that probation, Defendant was charged in Lake County with operating under the influence - third offense. The Government represents that a Breathalyzer test yielded the result of .34 blood-alcohol level. Defendant was sentenced to 5 years of probation, 12 months in jail, and fines and costs. The Government represents that Defendant violated the terms of his probation on at least three occasions. This appears to be borne out by Defendant's Tribal criminal history which indicates that he was charged with rape and assault and battery. Defendant was convicted. I note that the victim in that case was Defendant's mother. Defendant was sentenced to 730 days in jail, the maximum possible sentence that can be levied by the Tribal Court, along with $5,000 in fines, $21,000 in jail housing costs, and court costs. Defendant was also required to register as a sex offender.

As I weigh these facts under the Bail Reform Act, I conclude that I am entirely unable to craft any condition or set of conditions that would reasonably secure the safety of the community. In light of the fact that Defendant has no address to which he could return if placed on bond, I conclude that Defendant poses a significant risk of flight. Accordingly, the Government's motion to detain is **GRANTED.**

## Part III - Directions Regarding Detention

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be

afforded a reasonable opportunity to consult privately with defense counsel. On order of a United

States Court or on request of an attorney for the Government, the person in charge of the

corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

s/ Charles E Binder

CHARLES E. BINDER
Dated: October 4, 2011                        United States Magistrate Judge


## CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Roy Kranz and Jeff Day, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means.

Date: October 4, 2011                    By    s/Jean L. Broucek
                                         Case Manager to Magistrate Judge Binder